

JS - 6
O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Case No. SA CV 12-1418 DOC (PLAx)                                      Date: October 18, 2012

Title: MARGARITA CASTORINO-HEER V. BNC MORTGAGE, INC., ET AL.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Julie Barrera | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS:   ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                                                 NONE PRESENT

**PROCEEDING (IN CHAMBERS)**        **ORDER DISCHARGING ORDER TO SHOW CAUSE (DKT. 15), GRANTING PLAINTIFF'S MOTION TO REMAND (DKT. 9), ORDERING DEFENDANTS TO PAY PLAINTIFF'S ATTORNEY'S FEES, AND DENYING DEFENDANTS' MOTION TO DISMISS (DKT. 6) AS MOOT**

      Counsel for Defendants JPMorgan Chase ("Chase") and Mortgage Electronic Registration Systems ("MERS") has responded to this Court's Order To Show Cause (Dkt. 15) as to why sanctions should not be issued for failure to join all defendants when removing this case to federal court.

      In that response, Defendants Chase and MERS admit to representing in error that four of the six defendants in this case had not been served at the time of removal, and thus none of those defendants needed to join in the removal.  Response to OSC 2 (Dkt. 19).  In fact, at least two defendants other than Chase and MERS had been served.  *Id.*

      For the reasons that follow, the Court shall GRANT Plaintiff's Motion To Remand (Dkt. 9) the case to state court and award Plaintiff attorneys' fees in the amount of $2,100, to be paid by

Defendants Chase and MERS.[1]  This outcome resolves Defendants' Motion To Dismiss (Dkt. 6), which is DENIED AS MOOT.

## II. Legal Standard

Remand may be ordered for lack of subject matter jurisdiction or any defect in the removal procedure.  28 U.S.C. § 1447(c).  Removal of a case from state to federal court is governed by 28 U.S.C. § 1441, which provides in pertinent part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441.  The removing defendant must file a notice of removal in the appropriate United States District Court, together with all process, pleadings, and orders served upon the defendant.  28 U.S.C. § 1446(a).  "All defendants must join in a removal petition with the exception of nominal parties."  *Hewitt v. City of Stanton*, 798 F.2d 1230, 1232 (9th Cir. 1986) (citing 28 U.S.C. § 1446(b)).

If there is any doubt as to the right of removal in the first instance, remand must be ordered.  *See Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988).  "The party seeking removal bears the burden of establishing federal jurisdiction."  *Id.*; *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936).

Among the requirements of Federal Rule of Civil Procedure 11 is that when an attorney presents "a pleading, written motion, or other paper," the attorney certifies that to the best of her knowledge, "formed after an inquiry reasonable under the circumstances," the filing is not presented for any improper purpose, and any "factual contentions have evidentiary support."  Fed. R. Civ. P. 11(b), (1) & (3).  Separate from any sanctions under Rule 11, an order remanding a case "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  Such an award is within the court's discretion, and there is no need to find bad faith.  *See id.*; *Moore v. Kaiser Found. Hospitals, Inc.,* 765 F. Supp. 1464, 1465 (N.D. Cal. 1991); *see also Morgan Guar. Trust Co. of New York v. Republic of Palau*, 971 F.2d 917, 923 (2d Cir. 1992).

---

[1] The Court finds this matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; Local Rule 7-15.  By an Order dated October 12, 2012 (Dkt. 22), the Court provided Defendants with a revised deadline for any opposition to Plaintiff's Motion To Compel.  The Court did so because Plaintiff's initial Motion To Remand violated Local Rule 6-1, and the amended Notice Of Motion was filed beyond the usual deadline for an opposition.  No Defendants responded with a further opposition, beyond the argument contained in the Response To OSC.  A Reply by Plaintiff is unnecessary to this Court's decision.

### III.  Discussion

Defendants Chase and MERS ask the Court to overlook the failure to comply with the requirement to join all defendants.  Response to OSC 2-3.  This Court declines to do so, or to consider post-removal consent from other defendants (Dkts. 13, 14, & 18) as adequate to cure the fatal defect in the original Notice of Removal.  Because the removal did not comply with the statutory requirements, this case shall be remanded.

The next question is whether to grant Plaintiff's request for attorney's fees.  Plaintiff's counsel first requested five attorney hours at his contractual rate of $400 per hours, Mot. To Remand 3-4 (Dkt. 9), and then requested one further hour for the work in responding to this Court's Order To Show Cause, Reply To Defendant's Response To The Order To Show Cause 3 (Dkt. 20).   Perhaps rounding to a fraction of an hour, or as a mistake, Plaintiff's counsel puts the revised figure at $2,100, rather than $2,400.  The Court shall GRANT the request in the amount requested, $2,100, and explains its reasoning below.

Counsel for MERS and Chase states that she saw online that proofs of service had been filed in the state court case, but they were unavailable for viewing, and the docket did not say which parties had been served.  Marutzky Decl. ¶¶ 2-3, Ex. 1.  She further states that she believed proofs of service had been filed only for her clients.  *Id.* ¶ 5.  Thus, she "did not intend to mislead the Court by erroneously filing the removal without the consent" of two parties that had been served.  Response to OSC 2.

However, the sign that there was at least one other defendant to join was obvious, even given what counsel states that she saw.  As Exhibit 1 to the Marutzky Declaration shows, there were three entries for defendants served, one more than the number of Defendants that counsel was retained to represent.

This Court accepts the representation from counsel for Chase and MERS that her oversight was a mistake, and not done for an improper purpose.  Under these circumstances, the Court concludes that a Rule 11 sanction would not be appropriate, and that awarding Plaintiff attorney's fees for time spent on the remand and related filings is the fair outcome.

### IV. Conclusion

For the reasons stated above, the Court GRANTS Plaintiff's Motion To Remand (Dkt. 9), DENIES Defendants' Motion To Dismiss (Dkt. 6) as moot, and GRANTS Plaintiff's request for attorney's fees in the amount of $2,100, to be paid by Defendants Chase and MERS.

The Clerk shall serve this minute order on all parties to the action.